IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAMONT DRAYTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19-CV-807-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

On October 22, 2019, Lamont Drayton ("Drayton"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.  Doc. # 1. Drayton challenges the validity of a judgment regarding convictions imposed upon him in 2011 by the United States District Court for the District of Kansas for various controlled substance offenses, possession of firearm in the furtherance of a drug trafficking crime, and being a felon in possession of a firearm.  Doc. # 1 at 2.  Specifically, Drayton argues that "his appointed counsel and the United States Government ill-advised petitioner as to applicable penalties, by convincing petitioner he was subject to mandatory 25 years if convicted" on certain counts, which Drayton says was erroneous advice that caused him to plead guilty.  *Id*.  He further argues that the First Step Act enacted in December of 2018 is retroactive to his case and "chang[ed] the structure of [18 U.S.C.] § 924(c), making it no longer applicable for multiple gun charges with drugs . . . [which] emancipates Petitioner from any retributive punishment [for his gun offense]." *Id*. at 3.

Next, Drayton invokes the Supreme Court's recent holding in *United States v. Davis*, 139 S.Ct. 2319 (2019), and argues that it "invalidated a section of 924(c) and its constitutionality [such] that he should not have received penalties of enhanced 924(c)[,]" and he therefore seeks "correction of [his] sentence." *Id.* at 4–5. Drayton asks this court to "correct the sentence removing the 924(c) enhancement, perform recalculations, reassess petitioner[']s base offense level and criminal history category, while deleting the 924(c) enhancement, as required and argued. . . , [and] request[s] . . . a judgment of resentencing petitioner to time served or a sentence appropriate to the release of petitioner within the near future[.]" *Id.* at 5.

For the reasons that follow, the undersigned finds this action should be transferred to the United States District Court for the District of Kansas, Drayton's court of conviction.

## II.   DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although this action was brought as a petition under 28 U.S.C. § 2241, this court must consider whether the action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought

under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

> In contrast, 28 U.S.C. § 2255(a) states:
>
> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Drayton's self-described § 2241 petition challenges the validity of his convictions and sentence by questioning the validity of his guilty plea entered before the United States District Court for the District of Kansas and the constitutionality of the sentence imposed by that court. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an

3

"inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018). Drayton does not attempt to show that § 2255 would be an inadequate vehicle to present his claims. Indeed, he cannot, because his claims challenging the validity of his convictions and sentence fall squarely within the realm of injuries that § 2255 typically addresses.

When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Here, regardless of the label Drayton places on his pleadings, his petition challenging his convictions and sentence must be considered as a motion under § 2255, not a § 2241 petition. Section 2255 remains Drayton's exclusive remedy to bring his challenge to his convictions and sentence.[1] Because he challenges a judgment entered by the United

---

[1] In an order entered on October 24, 2019 (Doc. # 2), this court informed Drayton that the claims in his self-styled § 2241 habeas petition were properly presented in a 28 U.S.C. § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Drayton of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. This court's "Castro Order" also advised Drayton that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Drayton failed to file a response complying with the Castro Order's directives, but instead filed a response in which he continued to insist he is entitled to pursue this action in this court under § 2241. *See* Doc. # 3.

States District Court for the District of Kansas, jurisdiction to consider the § 2255 motion lies only in the District of Kansas as the district of conviction. *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Drayton is proceeding *pro se*, in the interest of justice this action should be transferred to the United States District Court for the District of Kansas.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the District of Kansas under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 27, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R.

3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of November, 2019.

                              /s/ Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE